JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-229 PA (PLAx) | Date | January 11, 2011 |
|---|---|---|---|
| Title | Nancy Campbell v. Costco Wholesale Corp. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before this Court is a Notice of Removal filed by defendant Costco Wholesale Corporation ("Defendant") on January 7, 2011. Defendant asserts that jurisdiction exists based on diversity of citizenship. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).

Accordingly, in attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id.

The Complaint filed by plaintiff Nancy Campbell ("Plaintiff") does not allege her citizenship or an amount in controversy. The Notice of Removal alleges, however, that "Defendant has confirmed that Plaintiff is a resident and citizen of the State of California." The Notice of Removal does not state the basis for that allegation, and has not attached any evidence in support of the claim. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-229 PA (PLAx) | Date | January 11, 2011 |
|---|---|---|---|
| Title | Nancy Campbell v. Costco Wholesale Corp. | | |

2001); Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient.").

  Furthermore, Defendant has not met its burden to establish that the amount in controversy exceeds $75,000. When an action has been removed, and the amount in controversy is in doubt, there is a "strong presumption" that plaintiff has not claimed an amount sufficient to confer jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288–90, 58 S. Ct. 586, 590–91, 82 L. Ed. 845 (1938)). "When not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). "Conclusory allegations as to the amount in controversy are insufficient." Id. at 1090-91. "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]." Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).

  Here the Complaint seeks unspecified damages for Plaintiff's medical expenses, lost wages, lost earning capacity, and general and other damages. Because the amount in controversy is not facially apparent from the Complaint, Defendant must provide some evidence showing that the amount exceeds $75,000. However, the Notice of Removal merely alleges that "the damages alleged by Plaintiff . . . necessarily exceed $75,000.00, exclusive of interest and costs, based on the following claims and facts: Plaintiff is a 62 year-old who . . . alleges that her foot got caught in the extended wheels of a . . . display and fell to her knees at the Costco warehouse located at 10th Street West, Lancaster, California. . . . The Plaintiff underwent surgery for a torn medial meniscus of the left knee on March 2, 2009. There is also an indication of a displaced patella and possible partial tear of the medial patellar retinaculum of the right knee. The medical bills presently are in excess of $30,764." (Notice of Removal, ¶ 7.) Defendant does not state the basis for these allegations and provides no evidence supporting its contention that the amount in controversy exceeds the jurisdictional minimum.

  Because neither the "four corners" of the Complaint nor the Notice of Removal contain sufficient allegations concerning citizenship or the amount in controversy, Defendant has not met its burden to establish this Court's jurisdiction. See Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005). Accordingly this Court remands this action to Los Angeles County Superior Court, Case No. MC022103 for lack of federal subject matter jurisdiction. See 28 U.S.C. § 1447(c).

  IT IS SO ORDERED.